[No. 15159. Department Two.—August 12, 1893.]

JAMES E. DAMON, RESPONDENT, *v.* A. WALDTEU-FEL, APPELLANT.

PLEDGE OF PIANO — CONSENT OF PLEDGOR TO STORAGE FOR USE — NEGLIGENT USE — LIABILITY OF PLEDGEE — COUNTER-CLAIM TO NOTE. — Where a piano was pledged as security for a note, and the pledgor consented that it should be stored with friends, who might use it as compensation for the storage, he cannot complain of negligence on the part of the pledgee in thus storing it, and permitting it to be used, though it may have been injured by negligent use on the part of those with whom it was stored, nor can he recover damages for such negligent use by way of counter-claim in an action upon the note after sale of the piano by the pledgee.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Smith & Murasky,* for Appellant.

*M. G. Cobb,* and *Edgar M. Wilson,* for Respondent.

VANCLIEF, C. — Action on three promissory notes made by defendant to plaintiff, upon which judgment was rendered in favor of plaintiff for an unpaid balance of $868.43.

The defendant brings this appeal from the judgment, and asks a reversal thereof on the alleged ground that the court failed to find upon one of the material issues of fact.

It appears by the pleadings that to secure payment of one of the notes, the defendant pledged to plaintiff a new concert grand piano; that plaintiff had sold the piano according to the terms of the agreement by which it was pledged, and applied the proceeds of the sale ($250) as a payment upon the note.

In his answer defendant alleged that plaintiff did not exercise ordinary care in storing and keeping the piano during the time it was in his possession; that he permitted it to be used almost constantly by persons skilled and unskilled in the use of pianos, whereby the piano was injured and much depreciated in value to the damage of the plaintiff in the sum of $775. The demand for this damage is pleaded as a counter-claim to plaintiff's demand upon the note. It is the issue tendered by the counter-claim upon which appellant contends there was no finding.

The court found that during the time the piano was in pledge the plaintiff, with defendant's consent, stored it with certain friends, who as compensation for the storage used the same to a limited extent with the knowledge and consent of the defendant.

This finding negatives any want of care on the part of the plaintiff in the storage and use of the piano, of which the defendant has a right to complain; and thus fully answers the substance of the issue. The defendant having consented that the piano should be stored with friends, who might use it as compensation for the storage, has no right to complain of negligence on the part of the plaintiff in thus storing it and permitting it to be used, though it may have been injured by negligent use. "He who consents to an act is not wronged by it." (Civ. Code, sec. 3515.) Whether plaintiff and defendant, or either, could recover damage from those with whom the piano was stored, for excessive or negligent use thereof, are questions not involved in this case.

I think the judgment should be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.